delivered to the plaintiff's attorney. On October 16, 1886, the first note became due. It was presented for payment, and was protested for non-payment. On the same date Ignatz Martin, Jr., called at office of plaintiff's attorney to pay the note, as he says, which, however, was presented at 265 Central avenue, Brooklyn, where the same was payable. On October 18, 1886, plaintiff's attorney notified Ignatz Martin, Jr., that he elects to avail himself of the option reserved in the stipulation, and that he will receive payment of the notes on account of the judgments generally. In the same letter plaintiff's attorney returns to Ignatz Martin, Jr., the general release executed by him. The second note was paid at maturity, and at no time after payment of the two notes was any demand made upon plaintiff's attorney for the certificate of satisfaction executed on July 12, 1886. Nor was any effort made to compel the delivery of the certificates by an application to the court of common pleas, which court would have authority to enforce the stipulation. And it is further in evidence without dispute that the release was received by Ignatz Martin, Jr., and was retained by him. On the trial defendant was granted the affirmative, and proved the payments of the notes as above stated. The receipt of the release by Ignatz Martin was admitted. The mailing of the letter of October 18th, in which plaintiff's attorney states that he avails himself of the option given in the stipulation, was not disputed, and both parties asked for the direction of a verdict. The court directed it in favor of defendant, and plaintiff excepted.

*Henry Wehle,* for appellant.    *Lorenzo Lovejoy,* (*William B. Hurd, Jr.,* of counsel,) for respondent.

DANIELS, J.    Both parties insisted at the trial that this action should be disposed of by the court. They in that way deprived themselves of the right afterwards to claim that the case should on any question of fact have been submitted to the jury; and for its disposition the court could very well conclude from the evidence of Martin, the principal debtor, that he offered to pay the note to Mr. Wehle, the attorney having charge of the business for the plaintiff, on the 15th. ° Also that he called at his office on the 16th of October, the last day of grace, to pay the note. And in addition to that fact, that the note had in fact been paid, the court could assume from the evidence that the money had been offered and finally accepted on the note, and that the plaintiff should not be permitted to maintain the action, which was a sharp device to avoid the effect of the settlement. The justice of the case is with the defendant, and an order to show cause why there shall not be a reargument should be refused.

---

PEOPLE *ex rel.* WATERMAN *v.* KNAPP *et al.,* School Trustees.

(*Supreme Court, General Term, First Department.*    March 29, 1889.)

CIVIL SERVICE RULES—PROOF OF COMPETENCY.
  Where an application is made by an honorably discharged Union sailor for appointment to a public office, stating that he is qualified to perform all the duties of the position, and the appointing officers inform him that they consider him incompetent, he is required, under Laws N. Y. 1887, c. 464, § 1, to establish the fact of his qualification by affidavits of others, and not by their mere written recommendations, before he is entitled to relief by *mandamus.*

Appeal from special term, New York county.

This was a proceeding on the relation of William L. Waterman for a writ of *mandamus* against the board of school trustees of the Twelfth ward of the city of New York. Relator appeals from an order denying a peremptory writ and directing the issuance of an alternative writ if the relator should so desire.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Wm. C. Reddy,* for appellant.  *H. R. Beekman,* Corp. Counsel, for respondents.

DANIELS, J.   The appellant, as an honorably discharged Union sailor, applied to the ·respondents for an appointment as janitor and engineer of a public school building in the city of New York.   They refused to make the appointment, but selected and appointed another person for the position.   In his application for the writ he stated that he was an honorably discharged sailor from the naval service of the United States, as an assistant engineer, and that he was qualified to perform all the duties of a mechanical engineer having charge of stationary engines, and the duties of the position of janitor of public school buildings in the city of New York.   The respondents, by way of answer to the application, stated that it was considered by them that he did not possess the business capacity or experience necessary to the discharge of the duties of the position involved.   This was practically a denial of the statements made by him concerning his business capacity and experience.   It was, it is true, an informal denial of the facts upon which the application for the writ was made to depend, but at the same time it did take issue with an essential averment made by him, and required to be established in his favor by section 1, c. 464, of the Laws of 1887, to entitle him to the appointment. In these proceedings a strictly formal and technical issue has not been exacted by the practice.  *People* v. *Board,* 46 Hun, 296.   For such a statement, or statements, though informally made, as by fair construction of the language creates a denial, will successfully meet the application in the first instance for the peremptory writ.   In this class of cases the application, to be successful, must establish the fact mentioned in the act, that the applicant possesses the business capacity necessary to discharge the duties of the position involved.   If that is denied on the part of the officers proceeded against, the fact must be proven and maintained the same as it is required to be for the successful maintenance of such a proceeding in all classes of cases.   The trustees were not bound to accept and act upon the unsupported statement of the applicant, himself, but they may require, where they do not deem that to be sufficient, further proof from reliable sources, maintaining the case of the applicant.   That further proof was not furnished in this instance, for the written recommendations of the persons named in the affidavit do not appear to have attested the business capacity of the applicant, as that is required to be supported in legal proceedings.   What should have been done was the production of some verified statement from them to this effect.   As the application was made, it depended wholly upon the affidavit of the applicant.   That was not accepted by the trustees as such proof of his business capacity or experience, and for that, as well as other reasons assigned by them, which were probably inapplicable to the proceedings, they denied his application.   It cannot therefore be held that the order which was made was not legally supported, and it should be affirmed, but without costs.   All concur.